FILED

NOT FOR PUBLICATION

OCT 25 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID JUNITA THEODOREIS, | No. 14-72614 |
| Petitioner, | Agency No. A097-854-100 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2017[**]
Pasadena, California

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

Petitioner Ingrid Junita Theodoreis, a native and citizen of Indonesia,

challenges a final order of removal. Petitioner seeks relief premised on her

Christian religion and Chinese ethnicity. The Board of Immigration Appeals

("BIA") concluded that Petitioner, though credible, failed to carry her burden of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

proof under the Immigration and Nationality Act ("INA"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Sanjaa v. Sessions, 863 F.3d 1161, 1164 (9th Cir. 2017), we deny the petition.

1. Substantial evidence supports the BIA's determination that the harm suffered by Petitioner (name-calling, rock-throwing, and arson and looting of her family's house) did not rise to the level of past persecution as contemplated by the INA. Substantial evidence also supports the determination that Petitioner failed to establish a connection between the tragic murder of her brother and any targeting that she experienced. Accordingly, the BIA permissibly denied the claim for asylum.

2. With respect to withholding of removal, substantial evidence supports the BIA's determination that, although Petitioner subjectively fears persecution in the future on account of her religion or ethnicity, her fear is not objectively well-founded. For example, her remaining family members have continued to live in Indonesia without harm or harassment for 15 years, and recent reports of country conditions confirm improvements in Indonesia for ethnic Chinese and Christians. Even assuming that Petitioner is a member of a disfavored group, see Halim v. Holder, 590 F.3d 971, 979 (9th Cir. 2009), she has not demonstrated an individualized risk of harm.

3. Petitioner has waived any challenge to the denial of Convention Against Torture relief by failing to include any argument on this issue in her opening brief. See Mendoza v. Block, 27 F.3d 1357, 1363 (9th Cir. 1994) (stating waiver principle).

**Petition DENIED.**